UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOCEYLN MONROE,

        Plaintiff,

        v.                           **Hon. Hugh B. Scott**

                                             08CV82A

UNITED STATES OF AMERICA,
                                             **Report**
        Defendant and                   **&**
        Third-Party                     **Recommendation**
        Plaintiff,

        v.

LISA CONLEY,

        Third-Party Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6). The instant matter before the Court is the defendant and third-party plaintiff United States' ("United States") motion for summary judgment (Docket No. 36[1]) dismissing the Complaint because there is no triable issue of fact as to whether plaintiff Jocelyn Monroe suffered a "serious injury" as defined by the no-fault provisions of New York State Insurance

---

[1] In support of its motion, the United States submits its Statement of Facts, Docket No. 37, with exhibits, Docket Nos. 37, 38; memorandum of law, Docket No. 39; and its Reply Memorandum, Docket No. 46. See also Docket No. 45, Order granting leave to file oversize Reply.
     In opposition, plaintiff submits an appendix (listing the affidavits submitted), her affidavit (with exhibits), the affidavit of Dr. Julius Horvath, her attorney's affidavit (with exhibits), her statement of material facts with genuine issue to be tried, Docket No. 41.

Law (id.). The United States does not seek entry of judgment against third-party defendant Lisa Conley in this motion.

This case is in fact one of three arising from the same automobile accident involving these parties, see also Conley v. United States, No. 08CV820A; Monroe v. Conley, No. 09CV354A[2]. In Conley, defendant United States filed a similar summary judgment motion (No. 08CV820, Docket No. 25) seeking dismissal of that Complaint because of the absence of a material issue of fact as to whether Conley sustained a "serious injury" under New York no-fault law. Both pending motions were given identical briefing schedules, with responses due by May 28, 2010, replies initially were due by June 9, 2010, and motions deemed submitted (without oral argument) on June 9, 2010, Monroe, No. 08CV82, Docket No. 37; see Conley, No. 08CV820, Docket No. 29. Upon the United States' motion for an extension of time (Monroe, No. 08CV82, Docket No. 42; Conley, No. 08CV820, Docket No. 31), replies were due by June 23, 2010, and the motion was deemed submitted as of June 23, 2010 (Monroe, No. 08CV82, Docket Nos. 43, 44; see also Conley, No. 08CV820, Docket Nos. 32, 33).

## BACKGROUND

This case is a Federal Tort Claims Act case arising from an automobile accident in Buffalo, New York, on April 15, 2006. At 4:11 am that day, Conley alleges that her car was struck by a United States Postal Service truck, injuring plaintiff Monroe, a passenger therein. The accident occurred when the truck was turning left from northbound Fillmore Avenue in Buffalo on to Best Street struck the car Conley was driving and Monroe was a passenger.

---

[2]Although dispositive motions were due in this case by April 29, 2010, Monroe v. Conley, No. 09CV354, Docket No. 8, no such motions were filed there.

2

(Monroe, No. 08CV82, Docket No. 1, Compl.; see Docket No. 37, Def. Statement ¶ 1.) The United States answered (Docket No. 4) and commenced a third-party action against Conley (Docket No. 13), alleging that, if Monroe was injured, Conley was responsible for plaintiff's injuries.

Disputed here (and in Conley[3]) is whether plaintiff suffered a "serious injury" as defined in the New York Insurance Law §§ 5100, 5102(d). After summarizing plaintiff's medical record in its Statement (Docket No. 37, ¶¶ 2-3, 5-18), the United States concludes that plaintiff has not suffered a "serious injury" (Docket No. 39, Def. Memo. at 11-23). The United States noted plaintiff's prior medical conditions (Docket No. 37, Statement ¶¶ 3, 6, 8, 10) and subsequent accident (id. ¶ 6), while she complains of neck injury, disc herniation, lumbar strain, and para-spinal muscle spasm and annular tear as a result of the 2006 accident (id. ¶ 2). Plaintiff responds that she suffered a "serious injury," tracking the standard under the No-Fault Law (Docket No. 41, Pl. Statement ¶ 1). She relies upon the findings of plaintiff's treating chiropractor, Dr. Julius Horvath (Docket No. 41, Aff. of Dr. Horvath, Ex. B, Dr. Horvath's report), that plaintiff has significant limitations of the use of her cervical spine (id. Ex. B, at 4) and her statement (Docket No. 41, Pl. Aff.) to support her conclusion that she suffered a "serious injury" (Docket No. 41, Pl. Statement ¶¶ 3-4, 7), as well as the report from the accident and an imaging report taken weeks later (id. ¶¶ 5-6; Docket No. 41, Pl. Aff., Exs. A, B, Horvath Aff., Exs. B-F). Plaintiff complains that she suffered an epileptic seizure due to the accident (id., Pl. Aff. ¶ 4) and

---

[3]See Conley, No. 08CV820, Docket Nos. 26 (United States' Statement of Facts), 30 (affirmation of plaintiff's counsel, Aff. of Dr. Scott Croce, Aff. of Plaintiff), 35 (United States' Reply Memo.).

she attempted to continue work but was unable to continue it as well as being prevented from performing various household tasks (id. ¶¶ 10-11).

## DISCUSSION

I. Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56.1(a), (b). The movant is to submit facts in which there is no genuine issue, id. R. 56.1(a), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56.1(b). "Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56.1(d). All material facts stated in movant's statement that are not controverted by opponent's counter-statement shall be deemed admitted, id. R. 56.1(c). The purpose of these statements, and the appendix of supporting evidence, id. R. 56.1(d), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

II.     Application–New York Insurance Law "Serious Injury"

In this Federal Tort Claims Act action, it is uncontested that New York substantive law is applicable because the law of the state where the accident occurred applies, Goodkin v. United States, 773 F.2d 19, 21 (2d Cir. 1985); Patrello v. United States, 757 F. Supp. 216, 218 (S.D.N.Y. 1991) (Docket No. 39, Def. Memo. at 10); see also Johnson v. The Bon-Ton Dep't Stores, No. 05CV170(Sc), Docket No. 55, 2006 U.S. Dist. LEXIS 75671, at *9-11 (W.D.N.Y. Oct. 16, 2006) (Scott, Mag. J.) (applying New York law to accident in this district involving New York plaintiff and Pennsylvania retailer defendant).

New York's No-Fault Law restricts recovery for personal injury arising in an accident, providing that "there shall be no right of recovery for non-economic loss, except in the case of a serious injury," N.Y. Ins. Law § 5104(a) (id.). Section 5102 of the New York Insurance Law defines a "serious injury" as

> a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). Whether plaintiff suffered a "serious injury" is a question of law for the Court to determine, Heisler v. MPT New York, Inc., No. 02CV351, 2003 U.S. Dist. LEXIS 25084, at *12 (W.D.N.Y. Dec. 22, 2003) (Elfvin, J.) (citing Licari v. Elliott, 57 N.Y.2d 230, 238, 455 N.Y.S.2d 570, 574-75 (1982)). Judge Elfvin noted in Heisler that

> "'[i]n order to be a significant limitation, the limitation must be something more than a 'minor, mild or slight limitation of use.'' Moreover, [plaintiffs'] 'subjective pain, standing alone without objective indicia, [cannot] constitute a significant limitation.' A finding of medical significance 'involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part.'"

Id. (footnotes and citations omitted).

Under New York law, defendant has the initial burden of establishing a prima facie case that plaintiff has not sustained any "serious injury" under Insurance Law §5104; once that burden is met, the burden shifts to the plaintiff to establish a prima facie case that she suffered a "serious injury," Heisler, supra, 2003 U.S. Dist. LEXIS 25084, at *5 n.8 (quoting Carter v. Geldis,

6

No. 00CV7236, 2002 U.S. Dist. LEXIS 9791, at *18 (E.D.N.Y. Apr. 23, 2002) (following, in turn, Gaddy v. Eyler, 79 N.Y.2d 955, 956-57, 582 N.Y.S.2d 990, 991 (1992))); see Kearse v. New York City Transit Auth., 16 A.D.3d 45, 49-50, 789 N.Y.S.2d 281, 285-86 (2d Dep't 2005); see also Ciesiulka v. Rebovich, No. 08CV204(Sc), Docket No. 28, 2009 U.S. Dist. LEXIS 103656 (W.D.N.Y. Nov. 9, 2009) (Scott, Mag. J.) (Order granting defendants summary judgment).

Also, economic loss must exceed $50,000 in order for a plaintiff to recover under New York's No-Fault Law, see N.Y. Ins. Law § 5102(a).

III.  Application

  A.  Economic Loss

Plaintiff is not claiming over $50,000 in economic loss arising from this accident (Docket No. 39, Def. Memo. at 11; Docket No. 41, Pl. Atty. Aff. ¶ 2). Thus, in order to have her claim survive she needs to establish an issue of fact as to her non-economic loss.

  B.  Serious Injury

Plaintiff claims that she suffered a serious injury as a result of a non-permanent injury which prevents her from performing substantially all of the material acts which constitutes her usual and customary daily activities for not less than ninety days during the one hundred eighty days following the injury (also known as the "90/180-day category"); permanent consequential limitation of use of a body organ or member; and significant limitation of use of a body function. The United States argues that plaintiff has not presented objective medical evidence of ongoing symptoms, limitations, permanency, or disability and even raises a question of whether the 2006

7

accident caused all the ailments plaintiff now claims (Docket No. 39, Def. Memo. at 2; see Docket No. 46, Def. Reply Memo. at 5-9, 10-12).

      1.     90/180-Day Category

For a serious injury under the 90/180-day category, the plaintiff must be prevented from performing substantially all of her usual and customary daily activities for 90 of the first 180 days after the accident, N.Y. Ins. Law § 5102. "Substantially all" under this category has been construed in New York courts as meaning "the person has been prevented from performing his usual activities to a great extent, rather than some slight curtailment," Thompson v. Abbasi, 15 A.D.3d 95, 100-01, 778 N.Y.S.2d 48, 53 (1st Dep't 2005); Licari, supra, 57 N.Y.2d at 236, 455 N.Y.S.2d at 573; Gualtieri v. Farina, 283 F. Supp. 2d 917, 924-25 (S.D.N.Y. 2003).

Here, plaintiff attempted to return to work following the accident (although her treating chiropractor, Dr. Horvath, opined that her condition incapacitated her, Docket No. 41, Horvath Aff. ¶ 11, and found her disability to be totally incapacitating as of June 12, 2006, if not as of his first examination of plaintiff on May 1, 2006, id. ¶¶ 12, 2, Ex. E) and was prevented from returning to her employer due to layoff (see Docket No. 41, Pl. Aff. ¶ 10) or stopping work when she learned that she was pregnant (see Docket No. 39, Def. Memo. at 16; Docket No. 38, Def. Appx., Ex. C, Pl. Tr. at 9). She claims that she could not perform her usual tasks due to the accident, such as driving, vacuuming, lifting pots and pans, caring for her daughter (id. ¶ 11), testifying that she could not care for her son or take out heavy trash cans (Docket No. 38, Def. Appx., Ex. C, Pl. Tr. at 70, 80). Plaintiff's activities were not curtailed by this accident to constitute a "serious injury" under No-Fault Law; thus, on this category the United States' motion for summary judgment should be **granted**.

2. Consequential Limitation and Significant Limitation

For this category of "serious injury," a plaintiff has to show more than "mild, minor or slight limitation of use," Miki v. Shufelt, 285 A.D.2d 949, 728 N.Y.S.2d 816 (3d Dep't 2001), and mere allegations of pain or limited range of motion is not sufficient, see Gonzalez v. Green, 24 A.D.3d 939, 805 N.Y.S.2d 450 (3d Dep't 2005). For the "significant limitation" category, a plaintiff must prove that she suffered "something more than a minor limitation of use," Licari, supra, 57 N.Y.2d at 236, 455 N.Y.S.2d at 573. Herniation of a disc per se does not meet the statutory threshold for serious injury, Rose v. Furgerson, 281 A.D.2d 857, 859, 721 N.Y.S.2d 873 (3d Dep't 2001) (Docket No. 46, Def. Reply Memo. at 7-8).

The United States denies that plaintiff suffered permanent consequential limitation arising from this accident (Docket No. 39, Def. Memo. at 17-19; Docket No. 46, Def. Reply Memo. at 7-9). The United States has established a prima facie case that plaintiff has not sustained a "serious injury" under New York Insurance Law by producing admissible evidence of the extent of her injuries. Thus, the burden shifts and plaintiff must show that she did suffer a "serious injury," or at least there is a material issue of fact whether a "serious injury" was incurred. Plaintiff has failed to raise a material issue of fact. First, she discontinued treatment with Drs. Julius Horvath and Eugene Gosy, she never took prescription pain killers and occasionally took over-the-counter pain medication (see Docket No. 46, Def. Reply Memo. at 8; Docket No. 37, Def. Statement ¶¶ 17, 15, 16). Dr. Horvath based his diagnosis on a partial medical history of plaintiff, since she stated to him at her first visit that she had no prior injuries or accidents (Docket No. 41, Horvath Aff., Ex. B, at 2) while she had an injury in October 1998 (Docket No. 46, Def. Reply Memo. at 9; Docket No. 37, Def. Statement ¶ 3) and subsequent injuries (see Docket No. 37, Def.

9

Statement ¶¶ 5, 6; Docket No. 46, Def. Reply Memo. at 9 n.1; cf. Docket No. 41, Horvath Aff. Ex. B, at 4). Thus Dr. Horvath's conclusion about the seriousness of plaintiff's injuries from the 2006 accident is suspect. The IME doctor, Dr. John Leddy, however, opines that plaintiff sustained only temporary cervical and lumbar sprains from the 2006 accident, with "no objective medical evidence of ongoing symptoms, limitation, permanency or disability related to the healed sprains sustained on April 15, 2006" (Docket No. 38, Def. Appx., Ex. D, Leddy Decl. ¶ 27). This opinion considered plaintiff's prior and post 2006 accident medical history and is deemed more reliable as to her condition and as to which injuries are attributable to her 2006 accident.

Thus as to these two categories of "serious injury," defendant United States' motion for summary judgment should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that defendant and third-party plaintiff United States' motion for summary judgment (Docket No. 36) dismissing the Complaint against it be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      August 6, 2010