UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOCELYN MONROE,

        Plaintiff,

v.

**DECISION AND ORDER**
08-CV-82A

UNITED STATES OF AMERICA,

        Defendant.


UNITED STATES OF AMERICA,

        Third-Party Plainitff,

v.

LISA CONLEY,

        Third-Party Defendant.


LISA CONLEY,

        Third-Party Plaintiff,

v.

UNITED STATES OF AMERICA,

        Third-Party Defendant.

This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1). On April 29, 2010, defendant filed a motion for summary judgment dismissing plaintiff Jocelyn Monroe's complaint. On August 6, 2010, Magistrate Judge Scott filed a Report and Recommendation, recommending that defendant's motion be granted.

Plaintiff filed objections to the Report and Recommendation on August 20, 2010. Defendant filed a response to the objections on January 18, 2011, pursuant to the Court's briefing schedule. The Court held oral argument on February 8, 2011.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts so much of the Report and Recommendation as pertains to the "90/180" definition of "serious injury" under New York Insurance Law § 5102(d).

The Court declines to adopt those portions of the Report and Recommendation pertaining to the "permanent consequential limitation" and "significant limitation" clauses of Section 5102(d). "In order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious

injury." *Toure v. Avis Rent A Car Sys., Inc.*, 774 N.E.2d 1197, 1200 (N.Y. 2002) (citations omitted). Here, plaintiff's treating chiropractor has submitted an affidavit describing specific, quantitative reductions in the range of motion of plaintiff's cervical spine. That affidavit notes further that specific pain testing yielded positive results and that plaintiff was rated as totally incapacitated from June 12, 2006 forward. *Cf. O'Shea v. Johnson*, 853 N.Y.S.2d 608, 609 (App. Div. 2008) ("Indeed, the [defense medical] report actually identified a triable issue of fact as to whether Mr. O'Shea exhibited significant limitations in cervical range of motion as a result of the accident.") (citations omitted). Finally, the chiropractor in his affidavit interprets the objective information that he obtained to mean that plaintiff suffered permanent, consequential, and significant limitations in her upper spine and neck that are distinguishable from any injuries that she suffered in a subsequent and unrelated car accident in 2008. Under these circumstances, triable issues of fact exist concerning the nature of plaintiff's injuries as of 2006 and how they may be separated from any new or aggravated injuries suffered in 2008. The Court thus declines to award summary judgment with respect to the "permanent consequential limitation" and "significant limitation" clauses of Insurance Law § 5102(d).

Accordingly, the Court grants defendants' motion for summary judgment in part as explained in the Report and Recommendation, but denies it in part as explained above.

The Court will schedule a status conference to set a trial date upon resolution of the pending Report and Recommendation in the companion case of *Conley v. U.S.*, No. 08-CV-820.[1]  If the Court resolves the pending Report and Recommendation in *Conley* in a way that leaves issues to be tried then counsel in both cases should be prepared to address the possibility of trying both cases together.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 10, 2011

---

[1] A third related case, *Monroe v. Conley*, No. 09-CV-354, has been dormant since April 15, 2010.  The parties in that case never filed motions at all, let alone within the deadlines established by Magistrate Judge Scott's scheduling order.  On February 7, 2011, this Court issued an order to show cause why that case should not be dismissed for failure to prosecute; written responses are due on or before March 7, 2011.